## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JACK SULLIVAN,

      Plaintiff,

v.                                 Case No.  4:26-cv-45-MW-MJF

CARMEN PACHECO and
SERGIO JIMENEZ,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jack Sullivan has filed a three-sentence complaint against Defendants Carmen Pacheco and Sergio Jimenez in 21 federal district courts, including the United States District Court for the Northern District of Florida. Pursuant to 28 U.S.C. § 1915, the undersigned has screened Sullivan's complaint. Because Sullivan's complaint fails to state a plausible claim for relief, and he has abused the judicial system, the District Court should dismiss this civil action.

### BACKGROUND

On January 26, 2026, Sullivan filed a complaint that consists of only three sentences:

1. 42 U.S.C. 1983 provides that "Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,"

2. Both Defendants have delayed the proceedings, in violation of 42 U.S.C. 1983,

3. The amount in controversy is more than $75,000, the actual amount is to be decided by the jury.

Doc. 1.

Because Sullivan's complaint bore similar allegations to two other complaints recently filed by prolific and abusive filers,[1] the undersigned reviewed court records available on the Federal Judiciary's Public Access

---

[1] On January 9, 2026, Plaintiff Lucas Williams filed a three-sentence complaint against Sergio Jiminez alleging that Jiminez conspired with others in violation of due process. *Williams v. Jiminez*, No. 4:26-cv-4-RH-MJF (N.D. Fla.). Williams filed his complaint in more than 40 federal district courts. Similarly, on January 22, Plaintiff Jessie Adams filed a three-sentence complaint against Sergio Jiminez alleging that Jiminez conspired with others in violation of due process. *Adams v. Jiminez*, No. 1:26-cv-23-AW-MJF (N.D. Fla.). Adams filed her deficient complaint in 40 federal district courts.

to Court Electronic Records (PACER) database. In the past four days, Sullivan has filed the exact same complaint in 21 federal district courts, including several district courts within the Eleventh Circuit. *Sullivan v. Pacheco*, No. 2:26-cv-57, ECF No. 1, Complaint (M.D. Ala.) (filed Jan. 26, 2026); *Sullivan v. Pacheco*, No. 2:26-cv-109, ECF No. 1, Complaint (N.D. Ala.) (filed Jan. 23, 2026); *Sullivan v. Pacheco*, No. 6:26-cv-200, ECF No. 1, Complaint (M.D. Fla.) (filed Jan. 26, 2026); *Sullivan v. Pacheco*, No. 1:26-cv-20462, ECF No. 1, Complaint (S.D. Fla.) (filed Jan. 23, 2026).

## DISCUSSION

### A.    28 U.S.C. § 1915 Screening Standard

Sullivan is proceeding *in forma pauperis*. Therefore, the District Court is required to review Sullivan's complaint and dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B.    Sullivan Fails to State a Plausible Claim for Relief

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Determining whether a complaint states a

claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

The District Court must accept as true all well-pleaded factual allegations of the complaint and must consider all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the federal pleading standard does not require "detailed factual allegations," it does require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 555).

As noted above, Sullivan's allegations consists of three sentences, which are nothing more than "the-defendant-unlawfully-harmed-me" accusations. Doc. 1 ¶¶ 1–3. Sullivan provides no factual enhancement to support his conclusions that Defendant violated 42 U.S.C. § 1983. Sullivan's vague allegations do not include basic facts such as what

happened, when it happened, where it happened, and how Sullivan suffered any injury because of Defendants' actions or omissions. Sullivan's complaint plainly violates Rule 8's pleading standard. For this reason alone, the District Court should dismiss this civil action.

## C.    Sullivan Has Abused the Judicial Process

There is also a second, independent reason to dismiss this civil action: this civil action is malicious.

"[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915. *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *accord McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). In just four days, Sullivan has filed the same deficient complaint against Defendants in 21 federal district courts. Sullivan's complaint does not include any facts that suggest the Northern District of Florida is an appropriate venue for this civil action. Sullivan's return address is an address in California, and it appears that he is suing the Honorable Sergio Jimenez and the Honorable Carmen Pacheco, two New York State

Judges. Thus, Sullivan's duplicative filings appear to be intended to harass rather than initiate legitimate litigation against Defendants. As such, Sullivan's conduct is an abuse of the judicial process, and the District Court should dismiss this civil action.

CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this civil action pursuant to 28 U.S.C. § 1915 for failure to state a plausible claim for relief and as malicious; and

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida on January 27, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

<u>**NOTICE TO THE PARTIES**</u>

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of its**

objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.